# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | | Case No. 3:01CR104 |
| Respondent, | : | 3:05CV266 |
| | | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| JOYCE KREST, | : | |
| | | |
| Petitioner. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon Petitioner's Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. §2255 (Doc. # 197), the Respondent's Answer (Doc. # 201), and the record as a whole. Petitioner sets forth the following Grounds for Relief:

Ground One: Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

Ground Two: Conviction obtained by the use of a coerced confession.

Ground Three: Conviction obtained by illegal search and seizure.

Ground Four: Conviction obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the defendant.

Ground Five: Ineffective Assistance of counsel.

Ground Six: Denial of Right to Appeal.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

### I. Procedural History

On November 27, 2001, a five count Indictment was returned charging Petitioner with Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute more than 500 grams of Methamphetamine (Count 1), Possession of a Chemical to Manufacture Methamphetamine,(Count 2), Manufacturing Methamphetamine (Count 4), and Possession of Equipment Used to Manufacture Methamphetamine (Count 5).

On July 23, 2002, Petitioner entered into a plea agreement wherein she agreed to plead guilty to Count 1 of the Indictment in exchange for dismissal of all remaining counts. On January 21, 2004, Petitioner was sentenced on Count 1 to 168 months confinement. The Judgment was entered on January 22, 2004. Petitioner did not appeal. On July 26, 2005, Petitioner filed the instant Motion to Vacate pursuant to 28 U.S.C. §2255.

### II. Petitioner's Motion to Vacate is Barred by the Applicable Statute of Limitations

Under 28 U.S.C. §2255, a one-year statute of limitations begins to run from the latest of four circumstances including (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Petitioner was required to file her Petition within one year of the date on which her judgment of conviction became final. The Sixth Circuit has held that when a §2255 movant does not

pursue a direct appeal to the Court of Appeals, her conviction becomes final on the date on which the time for filing such appeal has expired. *Sanchez-Castellano v. United States,* 358 F. 3d 424, 427 (6th Cir. 2004). Thus Petitioner had until February 2, 2005, in which to file her Petition. Because she did not file her Petition until July 20, 2005 (applying the prison mailbox rule), the Petition is untimely.

Petitioner claims that *Blakely v. Washington*, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004)*,* and *United States v. Booker*, 125 S. Ct. 738 (2005) created a new right which effected her case and contends that she has brought her § 2255 Motion within one year of this new right. However, the Sixth Circuit Court of Appeals has held that the *Blakely* decision as well as the subsequent case of *United States v. Booker*, 125 S. Ct. 738 (2005) is not applicable to cases on collateral review, i.e., cases brought under 28 U.S.C.§ 2255. *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005). Petitioner's case is clearly brought on collateral review after her case became final. Krest's § 2255 petition is therefore not well taken and should be denied with prejudice. Moreover, her Motion to Appoint Counsel (Doc. # 198) and Motion for Transcript (Doc. # 199), should be denied. Reasonable jurists would not disagree with the foregoing analysis. Thus, Krest should also be denied both a certificate of appealibility and leave to proceed *in forma pauperis*.

## IT IS THEREFORE RECOMMENDED THAT:

1. Joyce Krest's Petition to Vacate Sentence (Doc. # 197) be DENIED and DISMISSED with prejudice;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.


February 14, 2006

                                                s/ Sharon L. Ovington
                                                  Sharon L. Ovington
                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).